## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

JABIL CIRCUIT, INC., a
Delaware corporation,

     Plaintiff,

vs.

                                   Case No. *99-2379*
                                          *Civ-T-17E*

ROGER MILLER, an
individual,

     Defendant.

_____/

## COMPLAINT

Jabil Circuit, Inc. ("Jabil"), a Delaware corporation, hereby files this

Complaint against Roger Miller ("Miller"), an individual,  and alleges as follows:

### INTRODUCTION

1.     Jabil seeks this Court's protection to prevent the infringement of its

trademarks, service marks and other intellectual property rights through an

injunction that prevents Miller from using Jabil's distinctive mark on the Internet.

2.     The Internet is a global network of computers linked by telephone lines

and other communication systems.  The Internet enables computers and computer

users worldwide to exchange and share information.

3.     One of the most popular and widely used portions of the Internet is

called the World Wide Web ("the Web").  The Web contains information and

advertising that is presented in an easily accessible and readable format to millions

of computer users world wide.  As such, it is an attractive medium for companies to reach its customers, describe its goods and services and communicate important information.  Companies such as Jabil have expended significant resources in capital, creativity and personnel to develop this medium.

4.      To access information on the Internet, a consumer uses the so-called "domain name" assigned to the particular service from which information is sought. A domain name is effectively the telephone number used to contact a particular information provider.  In the same way that a consumer dials a number on his or her telephone to contact a particular business, an Internet user types a domain name in order to contact a particular Internet service or "web site."

5.      Like a telephone number, each domain name is unique and may be assigned to only one Internet service.  However, because a domain name can consist of letters chosen by the information provider rather than numerals assigned by the telephone company, domain names usually correspond to trade or service marks used by the service provider.

6.      Miller has registered JABILCIRCUIT.COM as his domain name in a knowing attempt to trade off of the goodwill that has been associated with Jabil's common law, state  and federally registered mark JABIL CIRCUIT.  Jabil first used a variation of this mark in 1966.  In 1992 it began using the present form of this mark and obtained federal registration on July 13, 1999.  The registration number is 2,260,863.  A copy of the certificate of registration is attached hereto as Exhibit A.

2

7.     Jabil has also obtained state registrations for the mark JABIL CIRCUIT and JABIL CIRCUIT and DESIGN.  These registration was issued May 13, 1998.  The registration numbers are T98000000541 and T98000000542.  A copy of these certificates of registration are attached hereto as Exhibit B.

8.     The best evidence of Miller's attempt to trade off the goodwill of Jabil's mark is Miller's offer via an e-mail dated August 30, 1999, to a representative of Jabil in Florida to sell the domain name.  In this e-mail, Miller stated that he is an "Internet Domain name investor/collector" and that he had recently received an "unsolicited offer" from a third party for the domain name JABILCIRCUIT.COM, but that should Jabil be interested in acquiring the domain name, he would welcome the opportunity to discuss it.  A true and correct copy of his solicitation is attached hereto as Exhibit C.

9.     Miller made this offer despite having been made aware via a letter dated June 16, 1999, from counsel for Jabil that his registration of the domain name JABILCIRCUIT.COM created a likelihood of confusion as to source or sponsorship and, thereby, violated federal and state trademark laws.  The June 16, 1999, letter further demanded that Miller transfer the domain name to Jabil.

10.    In response to Miller's August 30, 1999, e-mail, counsel for Jabil informed Miller on or about September 9, 1999, that it would not purchase the domain name.

11.    Miller responded to Jabil's September 9, 1999, letter, via an e-mail dated September 16, 1999, to a representative of Jabil in Florida, stating that he

3

had "suspended [his] unsolicited offer to transfer ownership of

www.JabilCircuit.com for the sum of $5,500 (and have advised the intended "buyer"

as such) pending discussion with my legal counsel." A true and correct copy of his

solicitation is attached hereto as Exhibit D.

12.     On September 29, 1999, counsel for Jabil sent Miller a letter

attempting one final time to amicably resolve the matter.

13.     Undaunted, on October 1, 1999, Miller responded via an e-mail to a

representative of Jabil in Florida. In this e-mail, Miller requested Jabil to sign the

attached "Internet Domain Name Assignment Agreement." Under this agreement,

Miller would assign the domain name to Jabil in exchange for $5,500.00. A true

and correct copy of his solicitation is attached hereto as Exhibit E.

14.     Miller has registered JABILCIRCUIT.COM as his domain name in a

knowing attempt to create confusion between his domain name and Jabil's common

law mark JABIL CIRCUIT.

15.     This likelihood of confusion is best evidenced by Miller's own

statement in his August 30, 1999, e-mail that he did receive "inquiries from

customers who input 'JabilCircuit.com' (instead of 'Jabil') and get directed to the

www.JabilCircuit.com Website (which does not exist). In this instances (sic) I refer

them to the www.Jabil.com web (sic) site  and will continue to do so as long as I am

the owner of www.JabilCircuit.com."

4

16.     This likelihood of confusion cannot be permitted.  Miller's use of Jabil's mark deprives Jabil of the benefits of its significant investment in its name and in this important Internet medium.

## JURISDICTION AND VENUE

17.     This action is for trade mark infringement and unfair competition arising under the Trademark Act of 1946, as amended ("The Lanham Act"), 15 U.S.C. § 1051 et seq., and under the common law and statutory law of the State of Florida.

18.     This Court has jurisdiction of Counts I-III of the Complaint pursuant to 15 U.S.C. § 1121 in that they are actions arising under The Lanham Act; 15 U.S.C. § 1338(a) in that they are actions arising under an Act of Congress relating to trademarks; and 28 U.S.C. § 1331 in that they are actions arising under the laws of the United States.  This Court has supplemental jurisdiction over Count IV of the Complaint pursuant to 15 U.S.C. § 1338(b) in that it is an action asserting a claim of unfair competition joined with a substantial and related claim under the trademark laws of the United States.  This Court has supplemental jurisdiction over Counts V and VII of the Complaint in that these state claims derive from a common nucleus of operative fact and considerations of judicial economy dictate having a single trial.

19.     Venue lies in this District pursuant to 28 U.S.C. § 1391(b)(2) as substantial part of the events giving rise to the claims occurred in this District.

## THE PARTIES

20.    Jabil is a Delaware corporation with its principal place of business in St. Petersburg, Florida.

21.    Upon information and belief, Roger Miller is an individual whose principal place of residence is Post Office Box 778 Brookfield, Connecticut 06804.

## FACTUAL ALLEGATIONS

22.    Jabil was founded in 1966 in Detroit, Michigan.  It has openly and conspicuously displayed the mark "JABIL CIRCUIT" since 1966.

23.    Jabil is a designer and manufacturer of electronic circuit boards and systems for international original equipment manufacturers (OEMs).  Jabil manufactures products for customers in the personal computer, peripheral, communication, automotive and consumer markets. Jabil offers circuit design, board design from schematic, mechanical design, prototype, assembly, volume board assembly, complete system assembly services and end-user distribution. Jabil manufactures in 12 highly automated facilities located in North America, Asia and Europe.

24.    Jabil employs approximately 12,500 people and has offices in the following locations: Tampa, Florida; St. Petersburg, Florida; Louisville, Kentucky; Mountain View, California; San Jose, California; Boise, Idaho; Memphis, Tennessee; Tewksbury, Massachusetts; Auburn Hills, Michigan; Dan Shui, China; Panyu, China; Shenzhen, China; Hong Kong; Bergamo, Italy; Penang, Malaysia; Guadalajara, Mexico; Tijuana, Mexico; and Livingston, Scotland.

6

25.     For the fiscal year ending August 31, 1998, Jabil generated approximately $2 billion in revenue and approximately $91.5 in revenue.

26.     Jabil has operated a web page at www.Jabil.com conspicuously featuring the mark "JABIL CIRCUIT" for more than five years.

### Miller's Infringement

27.     Network Solutions, Inc. ("NSI") is an organization that assigns domain names.  To obtain a domain name, the operator of an Internet service registers its proposed domain name with NSI.

28.     Miller registered the domain JABILCIRCUIT.COM with NSI.

29.     Because Miller has registered the domain name with NSI, the domain name is unavailable to Jabil.  Miller's actions, therefore, have deprived Jabil of use of the mark "JABIL CIRCUIT" as a domain name through which Jabil can communicate with current and potential customers.

30.     More important, because Miller has registered this domain name, computer users who seek to determine ownership of the domain name JABILCIRCUIT.COM are directed to Miller rather than to the rightful owner of the mark  "JABIL CIRCUIT."

31.     Thus, when a computer user searches Network Solutions for the owners of this domain names, the name substantially identical the mark of Jabil appears as Miller's.  A true and correct view of the screen identifying Miller as the owner of this domain name is attached hereto as Exhibit F.

32.    The domain name JABILCIRCUIT.COM is indistinguishable from, and likely to be confused with, the distinctive mark "JABIL CIRCUIT."

33.    Among the tools Internet users have at their disposal are sophisticated searching tools, called Search Engines, that allow users to locate and identify information providers or "Web sites" on the Internet.  Therefore, computer users who do not know an information provider's domain name can use these tools by submitting the information provider's trade or service mark to the Search Engine. These searches are not exact.

34.    Consequently, when used, the JABILCIRCUIT.COM domain name could appear whenever a computer user searches for the mark "JABIL CIRCUIT," thus giving rise to a substantial likelihood that consumers will be confused as to the relationship or affiliation between Miller or some third party that purchases the Jabil name from Miller.

35.    Miller's use of the domain name JABILCIRCUIT.COM or the use by the third party that might purchase the domain name constitutes a false designation of origin, a false or misleading description of fact, and/or false or misleading representations of fact, which is likely to cause confusion, or to cause mistake, or to deceive consumers as to the origin of the information to be made available via JABILCIRCUIT.COM.

36.    Miller's intentional use of the JABILCIRCUIT.COM domain name constitutes unfair competition.

8

37.     The use of the JABILCIRCUIT.COM domain name also dilutes the distinctive nature of the "JABIL CIRCUIT" mark.  State law protects mark owners from such dilution of their property.

38.     Miller's registration of the JABILCIRCUIT.COM domain name and repeated attempts, as a self-professed domain name investor/collector, to sell the domain name constitutes a commercial use in interstate commerce.

## COUNT I

### VIOLATION OF SECTION 43(a) OF THE LANHAM ACT

39.     Plaintiff hereby incorporates paragraphs 1 through 38 as if fully set forth herein.

40.     Miller's acts tend to represent falsely that Miller's goods and services are legitimately connected with Jabil; tend to describe falsely that Miller's goods and services emanate from or are authorized, sponsored or approved by Jabil; and tend to designate falsely that Miller's goods and services originate from Jabil, all of which constitute violations of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

41.     The aforesaid acts of Miller are greatly and irreparably damaging to Plaintiff and Plaintiff is without an adequate remedy at law.

## COUNT II

### VIOLATION OF SECTION 32(1) OF THE LANHAM ACT

42.     Plaintiff hereby incorporates paragraphs 1 through 38 as if fully set forth herein.

9

43.     Plaintiff owns the federally registered mark JABIL CIRCUIT, registration number 2,260,863.

44.     Miller's acts are likely to cause confusion, or to cause mistake, or to deceive in violation of § 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

45.     Miller's aforesaid acts have caused Jabil to suffer injury and damages of such a nature that monetary damages alone cannot adequately compensate Jabil for the loss suffered.

46.     The aforesaid acts of Miller are greatly and irreparably damaging to Plaintiff and Plaintiff is without an adequate remedy at law.

## COUNT III

### ATTORNEYS' FEES AND EXPENSES

47.     Plaintiff hereby incorporates paragraphs 1 through 38 as if fully set forth herein.

48.     As a result of Miller's willful conduct, Plaintiff is entitled to recover the attorneys' fees and expenses it has incurred in bringing this action pursuant to 15 U.S.C. § 1117(a).

## COUNT IV

### COMMON LAW UNFAIR COMPETITION

49.     Plaintiff hereby incorporates paragraphs 1 through 38 as if fully set forth herein.

50.     Defendant's aforesaid acts constitute unfair competition in that: said acts were a deliberate attempt by Miller to obtain the benefit of and trade on the

good will of the Plaintiff; said acts enable and will continue to enable Miller to
obtain the benefit of and trade on the good will of Plaintiff; said acts damage and
will continue to damage Plaintiff's good will in that Plaintiff does not have control
over the business, products or services of Miller; said acts have caused and are
likely to continue to cause confusion, mistake or deception of the public; Plaintiff is
entitled to enforce its trademark; and said acts will result in the unjust enrichment
of Miller.

     51.    The aforesaid acts of Miller are greatly and irreparably damaging to
the Plaintiff and will continue to be greatly and irreparably damaging to the
Plaintiff unless enjoined by this Court, and Plaintiff is without an adequate remedy
at law.

**COUNT V**

**COMMON LAW TRADEMARK INFRINGEMENT**

     52.    Plaintiff hereby incorporates paragraphs 1 through 38 as if fully set
forth herein.

     53.    Miller's aforesaid acts constitute common law trademark infringement.

     54.    The aforesaid acts of Miller are greatly and irreparably damaging to
Plaintiff and will continue to be greatly and irreparably damaging to Plaintiff
unless enjoined by this Court, and Plaintiff is without an adequate remedy at law.

11

## COUNT VI

### FLORIDA DILUTION

55.    Plaintiff hereby incorporates paragraphs 1 through 38 as if fully set forth herein.

56.    As heretofore alleged, Plaintiff's mark is distinctive and is subject to the protection of § 495.151, Florida Statutes.

57.    Miller's aforesaid acts dilute the mark in that Miller's unauthorized and unlicensed use of the mark has caused and will continue to cause the diminution of the value of the good will represented by, and of the distinctiveness of, Plaintiff's trademarks in violation of § 495.151, Florida Statutes.

58.    The aforesaid acts of Miller are greatly and irreparably damaging to Plaintiff and will continue to be greatly and irreparably damaging to Plaintiff unless enjoined by this Court, and Plaintiff is without an adequate remedy at law.

## COUNT VII

### FLORIDA TRADEMARK INFRINGEMENT

59.    Plaintiff hereby incorporates paragraphs 1 through 38 as if fully set forth herein.

60.    Plaintiff has registered marks JABIL CIRCUIT and JABIL CIRCUIT and DESIGN under Florida law.  The registration numbers are T98000000541 and T98000000542.

61.    Miller's aforesaid acts constitute trademark infringement in violation of Florida Statute § 495.131.

12

62.     Miller's aforesaid acts have caused Jabil to suffer injury and damages of such a nature that monetary damages alone cannot adequately compensate Jabil for the loss suffered.

63.     The aforesaid acts of Miller are greatly and irreparably damaging to Plaintiff and Plaintiff is without an adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Jabil prays:

1.     That the Court enter a judgment declaring that:

        a.     Miller's use of the domain name JABILCIRCUIT.COM or any variation thereof infringes Plaintiff's mark;

        b.     Miller's use of the domain name JABILCIRCUIT.COM or any variation thereof creates a likelihood of confusion and dilutes the distinctive quality of Plaintiff's mark under Florida law;

        c.     Miller's use of the domain name JABILCIRCUIT.COM or any variation thereof violates 15 U.S.C. § 1125(a) and constitutes common law trademark infringement and common law unfair competition.

2.     That the Court permanently enjoin Miller, his servants, agents and employees, and all other persons in active concert or participation with Miller, his heirs, successors and assigns, from:

        a.     using the domain name JABILCIRCUIT.COM or any variation thereof, in connection with any Internet site or any advertisement, promotion, offering for sale, or sale of any good or service;

13

b.      expressly or impliedly representing itself to customers, potential customers, or the public to be affiliated in any way with Plaintiff;

c.      representing by words or conduct that any product or service provided, offered for sale, sold, advertised, or rendered by Miller is authorized, sponsored or endorsed by or otherwise connected with the Plaintiff;

d.      otherwise infringing Plaintiff's trademark;

e.      diluting Plaintiff's trademark;

3.      That Miller be required to pay Plaintiff three times Plaintiff's actual damages caused by the acts of Miller, and Miller's profits from any sales of any products or services under Plaintiff's trademark or any colorable imitation of Plaintiff's trademark;

4.      That Miller be required to pay Plaintiff exemplary and  punitive damages, the costs of this action, together with reasonable attorneys' fees and disbursements;

5.      That Miller be ordered to deliver up for destruction all labels, signs, prints, insignia, brochures, business cards, invoices and any other written or recorded material or advertisements in its possession or control containing Plaintiff's trademark or any colorable imitation of Plaintiff's trademark;

6.      That Miller be ordered to transfer the Sentinel the domain name JABILCIRCUIT.COM;

7.      That Miller be required in accordance with 15 U.S.C. § 1115 to file with this Court and serve on the Plaintiff within thirty (30) days from the date of

14

entry of any injunction, a report in writing, under oath, setting forth in detail the manner and form in which Miller has complied with the terms of the injunction; and

8.     That Plaintiff have such other and further relief as the Court deems just and equitable.


Dated: October ___15___, 1999


                              Respectfully Submitted,

                              HOLLAND & KNIGHT LLP

                              Gregg D. Thomas
                                Florida Bar No. 223913
                              David S. Bralow
                                Florida Bar No. 802727
                              James B. Lake
                                Florida Bar No. 0023477
                              Post Office Box 1288
                              Tampa, FL 336091-1288
                              (813) 227-8500
                              (813) 229-0134 (Fax)

                              Attorneys for Plaintiff


TPA1 #977012 v1/17897-6


15

# Exhibit A

Int. Cls.: 40 and 42

Prior U.S. Cls.: 100, 101, 103 and 106

**Reg. No. 2,260,863**

## United States Patent and Trademark Office

Registered July 13, 1999

### SERVICE MARK
### PRINCIPAL REGISTER



JABIL CIRCUIT, INC., (DELAWARE CORPO-RATION)
10800 ROOSEVELT BOULEVARD
ST. PETERSBURG, FL 33716

FOR: CUSTOM MANUFACTURE OF ELEC-TRONIC CIRCUIT BOARDS AND SYSTEMS FOR THE COMMUNICATIONS, PERSONAL COMPUTER, COMPUTER PERIPHERAL, AUTOMOTIVE AND CONSUMER PRODUCT MARKETS, IN CLASS 40 (U.S. CLS. 100, 103 AND 106).

FIRST USE 2-21-1992; IN COMMERCE 2-21-1992.

FOR: DESIGN AND DEVELOPMENT FOR OTHERS OF ELECTRONIC CIRCUIT BOARDS AND SYSTEMS FOR THE COMMUNICATIONS, PERSONAL COMPUTER, COMPUTER PERIPHERAL, AUTOMOTIVE AND CONSUMER PRODUCT MARKETS, IN CLASS 42 (U.S. CLS. 100 AND 101).

FIRST USE 2-21-1992; IN COMMERCE 2-21-1992.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "CIRCUIT" AND "INC.", APART FROM THE MARK AS SHOWN.

SER. NO. 75-474,948, FILED 4-27-1998.

ANGELA M. MICHELI, EXAMINING ATTOR-NEY

# Exhibit B



# State of Florida

## Department of State

I certify from the records of this office that JABIL CIRCUIT, INC., A DELAWARE CORP., 10800 ROOSEVELT BLVD., ST. PETERSBURG, FL 33716 has registered JABIL CIRCUIT, INC. AND DESIGN OF DOTTED "I" IN "JABIL" CONNECTED TO DOT BELOW "J" IN "JABIL" BY LINE SURROUNDING LOWER AND RIGHT PORTION OF MARK to be used as a mark under class(es) 0042. Said mark was first used anywhere February 21, 1992 and was first used in Florida February 21, 1992.

I further certify that said mark was registered in this office on May 13, 1998 and its date of expiration is May 13, 2008.

The number of this mark is T98000000542.

Disclaimer for: CIRCUIT, INC.

Given under my hand and the
Great Seal of the State of Florida
at Tallahassee, the Capitol, this the
Fifteenth day of May, 1998

Sandra B. Mortham
Secretary of State

CR2EO22 (2-95)



### Department of State

I certify from the records of this office that JABIL CIRUIT, INC., A DELAWARE CORP., 10800 ROOSEVELT BLVD., ST. PETERSBURG, FL 33716 has registered JABIL CIRCUIT, INC. (BLOCK LETTERS) to be used as a mark under class(es) 0042.  Said mark was first used anywhere February 21, 1992 and was first used in Florida February 21, 1992.

I further certify that said mark was registered in this office on May 13, 1998 and its date of expiration is May 13, 2008.

The number of this mark is T98000000541.

Given under my hand and the
Great Seal of the State of Florida
at Tallahassee, the Capitol, this the
Fifteenth day of May, 1998

Sandra B. Mortham
Secretary of State

CR2E022 (2-95)

# Exhibit
# C

FROM HOLLAND AND KNIGHT 407-244-5288    Case 8:99-cv-02379-EAK   Document 1   Filed 10/15/99   Page 22 of 32 PageID 22 P. 14
(MON) 10. 4. 99 23:59/ST. 22:50/NO. 4860690622 P 14

Page 1 of 1

## KAUTZ, THOMAS (X27847)

**From:** Roger Miller [mill868@ibm.net]
**Sent:** Monday, August 30, 1999 10:34 PM
**To:** tkautz@hklaw.com
**Cc:** Bill_Morean@jabil.com; Bob_Paver@jabil.com; Tim_Main@jabil.com
**Subject:** Re: JabilCircuit.com

Dear Mr. Kautz,

As per your letter to me of June 16th, 1999, I am the registered owner of the Internet Domain name **www.JabilCircuit.com**

The purpose of this note is to inform you that today, August 30th, 1999, I received
an unsolicited offer from an individual to purchase several of the Internet Domain names that I own including **www.JabilCircuit.com**  Therefore, it is my intent to complete this transaction no later than September 30th, 1999. However,
should Jabil Circuit, Inc. be interested in acquiring the  Internet Domain name **www.JabilCircuit.com**  , I would welcome the opportunity to discuss this with you no later than September 10th, 1999.

Also, please note that as an Internet Domain name investor/collector, I do not promote the use of the Domain names I own. In other words, I do not have a Website in operation using the Domain name **www.JabilCircuit.com**
However, I do on occasion receive inquiries from customers who input "JabilCircuit" (instead of "Jabil") and get directed to the **www.JabilCircuit.com** WebSite (which does not exist). In these instances I refer them to the **www.Jabil.com** web site and will continue to do so as long as I am the owner of **www.JabilCircuit.com**

Again, should you be interested in discussing further, please contact me no later than September 10th, 1999. I can be reached at 203.775.6728 or Mill868@Ibm.net

Thank you.

Roger Miller

# Exhibit D

## Bob Paver

| | |
|---|---|
| **From:** | Roger Miller [mill868@ibm.net] |
| **Sent:** | Thursday, September 16, 1999 5:19 PM |
| **To:** | Bob_Paver@Jabil.Com |
| **Cc:** | tkautz@hklaw.com |
| **Subject:** | Re: JabilCircuit.com |

Dear Mr. Paver,

I am concerned about inaccuracies of the representation of the **www.JabilCircuit.com** domain name stated in your letter to me dated September 09, 1999 and claims that this is a matter of extortion. Further, I am equally as concerned about the claim that Mr. Kautz made in his letter to me also dated September 09, 1999 indicating that we had a "subsequent phone conversation". We never had a phone conversation.

Please note that I have suspended my unsolicited offer to transfer ownership of **www.JabilCircuit.com** for the sum of $5,500 (and have advised the intended "buyer" as such) pending discussion with my legal Counsel.

Roger Miller

Roger Miller wrote:


Dear Mr. Kautz,

As per your letter to me of June 16th, 1999, I am the registered owner of the Internet Domain name **www.JabilCircuit.com**

The purpose of this note is to inform you that today, August 30th, 1999, I received an unsolicited offer from an individual to purchase several of the Internet Domain names that I own including **www.JabilCircuit.com**  Therefore, it is my intent to complete this transaction no later than September 30th, 1999. However, should Jabil Circuit, Inc. be interested in acquiring the  Internet Domain name **www.JabilCircuit.com**  ,  I would welcome the opportunity to discuss this with you no later than September 10th, 1999.

Also, please note that as an Internet Domain name investor/collector, I do not promote the use of the Domain names I own. In other words, I do not have a Website in operation using the Domain name**www.JabilCircuit.com**However, I do on occasion receive inquiries from customers who input "JabilCircuit" (instead of "Jabil") and get directed to the **www.JabilCircuit.com** WebSite (which does not exist). In these instances I refer them to the **www.Jabil.com** web site and will continue to do so as long as I am the owner of **www.JabilCircuit.com**

Again, should you be interested in discussing further, please contact me no later than September 10th, 1999. I can be reached at 203.775.6728 or Mill868@Ibm.net

Thank you.

1

# Exhibit E

FROM HOLLAND AND KNIGHT 407 244 5288 (MON) 10 11 '99 17:21/ST. 17:19/NO. 4869419062 P 4

Re:JabilCircuit Domain Name

**Subject: Re:JabilCircuit Domain Name**
**Date:** Fri, 01 Oct 1999 13:14:23 -0400
**From:** Roger Miller <mill868@ibm.net>
**To:** Bob_Paver@Jabil.Com

Roger Miller wrote:

> > *Dear Mr. Paver,*
> >
> > *I am in receipt of your letter dated September 29, 1999. I would like to seek an*
> > *amicable resolution to this matter. Therefore, I would like to extend Jabil*
> *Circuit  the*
> > *option to accept the attached contract in lieu of the unsolicited offer from a*
> > *third party.*
> >
> > *Attached is a copy of an Internet Domain Name Assignment Agreement for your*
> > *consideration. If the terms are acceptable to you, I will forward a hardcopy for*
> > *signature. I  look forward to your response.*

*Thank You.*
*Roger Miller*
*203.775.6728*

>
> > *(See attached file: Jabilcircuil-Miller.rtf)*
> >
> > --------------------------------------------------------------------------
> >                                *Name: Jabilcircuil-Miller.rtf*
> >    *Jabilcircuil-Miller.rtf     Type: Wordview File (application/rtf)*
> >                              *Encoding: base64*
> >                           *Description: Rich Text Format*

# INTERNET DOMAIN NAME ASSIGNMENT AGREEMENT

This Trademark and Internet Domain Names Assignment Agreement ("Agreement") is entered into as of this 4th day of October , 1999 (the "Effective Date"), by and between Roger Miller ("Miller"), an individual, with a mailing address of P.O Box 778 Brookfield, CT 06804 and Jabil Circuit, Inc., with a mailing address 10800 Roosevelt Boulevard, St. Petersburg, FL 33716 ("Jabil Circuit").

## RECITALS

WHEREAS, Miller has registered with Network Solutions, Inc. ("NSI") the domain name "JabilCircuit.com (the "Domain"), copies of the WHOIS records for which are attached hereto as Attachments A1 and

WHEREAS, Jabil Circuit desires to obtain ownership of the Domain and Miller is willing to transfer the Domain to Jabil Circuit; and

WHEREAS, Miller acknowledges Jabil Circuit's sole and exclusive ownership of the trademark and trade name "Jabil Circuit."

THEREFORE, for and in consideration of the foregoing and of the mutual representations, promises, terms, and conditions contained herein, the parties agree as follows:

1.   Miller hereby assigns to Jabil Circuit all rights, title and interest worldwide in and to the Domain, and any such other names or marks reserved or registered with any other trademark or domain name registration authority, together with the goodwill associated therewith.

2.   Upon execution of this Agreement, Miller shall immediately cease (a) all use of any trademarks, service marks, or domain names containing "Jabil Circuit" linking any content to or from the Domain. Miller further agrees not to sell, use, apply to register (or assist any other person or entity to register) as a trademark, trade name or domain name (a) any word or phrase containing the terms Jabil Circuit, or terms confusingly similar thereto, or (b) any other trademarks owned by Jabil Circuit, or their affiliated companies, or terms confusingly similar thereto. Miller represents and warrants that he has not owned, registered or applied to register any trademark or domain name incorporating any trademark owned by Jabil Circuit or their affiliates other than the Domain.

3.   Miller agrees to immediately complete, sign and have notarized the NSI Registrant Name Change Agreement and return the forms to Jabil Circuit for submission by Jabil Circuit to NSI. Miller also agrees to submit change of domain name

I

Confidential

registration forms to any other appropriate authorities and to take such other steps as reasonably requested by Jabil Circuit, at Jabil Circuit's expense, to transfer ownership of the Domain to Jabil Circuit. Each Party will provide or execute such other information or documents as may be necessary to accomplish the transfer of the Domain name, upon the other Party's reasonable request.

5.    In consideration of the foregoing, Jabil Circuit agrees to compensate Miller a one time payment of $5,500 (U.S. dollars) upon signing of this Internet Domain Name Assignment Agreement.

6.    Each Party represents and warrants that it has the full power to enter into and perform this Agreement.

7.    This Agreement shall extend to, inure to the benefit of, and be binding upon the parties hereto and, as applicable, their respective directors, officers, partners, proprietors, attorneys, agents, servants, employees, representatives, affiliates, subsidiaries, shareholders, predecessors, successors, and assigns.

8.    Nothing in this Agreement will be construed so as to impair any legal or equitable right of any party hereto to enforce any of the terms of this Agreement by any means, including, without limitation, an action for damages or a suit to obtain specific performance of any or all of the terms of this Agreement. In the event of such an action, the prevailing party shall be entitled to all costs of the action, including reasonable attorneys' fees, in addition to any other relief to which such party may be entitled. It is hereby expressly acknowledged by all parties to this Agreement that a breach of Paragraphs 2 or 3 of this Agreement will cause such injury as immediate and irreparable and that preliminary and permanent injunctive relief would be appropriate in the event of such a breach.

9.    In the event that any provision of this Agreement or the application of any provision of this Agreement is held by a tribunal of competent jurisdiction to be contrary to law, the remaining provisions of this Agreement shall remain in full force and effect and this Agreement shall be interpreted as if such invalid provisions were omitted.

12.  The failure of either party at any time or times to demand strict performance by the other party of any of the terms, covenants, or conditions set forth herein shall not be construed as a continuing waiver or relinquishment thereof and each may at any time demand strict and complete performance by the other of said terms, covenants, and conditions.

13.  This Agreement constitutes the entire agreement between the parties with respect to the Domain, and supersedes all prior negotiations and agreements, whether written or oral, relating to such resolution. This Agreement may not be altered,

2

Confidential

amended, modified, or otherwise changed in any respect except by an instrument in writing duly executed by authorized representatives of each of the parties hereto.

JABIL CIRCUIT, INC                          ROGER MILLER

_____                             _____

By: _____                         By: _____

Date: _____                       Date _____

Telephone: 727-803-3305                      Telephone: 203-775-6728
Attention: General Counsel

3

Confidential

ATTACHMENT A

WHOIS records for Domains

**1. JabilCircuit.com**

Registrant:
Roger Miller (JABILCIRCUIT-DOM)
P.O. Box 778
Brookfield, CT 06804
US

Domain Name: JABILCIRCUIT.COM

Administrative Contact:
Miller, Roger (RM15175) Mill868@IBM.NET
(203)7756728 (FAX) (203)7756191
Technical Contact, Zone Contact:
Registrar, Internic (RI52-ORG) internic-free@REGISTER.COM
212-627-4988
Fax - 212-627-6477


Billing Contact:
Miller, Roger (RM15175) Mill868@IBM.NET
(203)7756728 (FAX) (203)7756191

Record last updated on 31-Dec-98.
Record created on 31-Dec-98.
Database last updated on 30-Sep-99 04:34:27 EDT.

Domain servers in listed order:

DNS11.REGISTER.COM 209.67.50.220
DNS12.REGISTER.COM 209.67.50.241

# Exhibit F



## Whois Results for jabilcircuit.com



**Home**
**Help**
**Business Resources**
**Email Services**
**URL Forwarding**
**Web Hosting**
**Advertising**
**Affiliates & Partners**

April '99
PC Magazine Top
100 Sites





**Free Trial Issue of**





Registrant:
Roger Miller (JABILCIRCUIT2-DOM)
P.O. Box 778
Brookfield, CT 06804
US

Domain Name: JABILCIRCUIT.COM

Administrative Contact:
Miller, Roger (RM15175) Mill868@IBM.NET
(203)7756728 (FAX) (203)7756191
Technical Contact, Zone Contact:
Registrar, Internic (RI52-ORG) internic-free@REGISTER.COM
212-627-4988
Fax - 212-627-6477

Billing Contact:
Miller, Roger (RM15175) Mill868@IBM.NET
(203)7756728 (FAX) (203)7756191

Record last updated on 31-Dec-98.
Record created on 31-Dec-98.
Database last updated on 25-May-99 11:37:30 EDT.

Domain servers in listed order:

DNS1.REGISTER.COM 209.67.50.220
DNS2.REGISTER.COM 209.67.50.241

You agree that you will not reproduce, sell, transfer, or
modify any of the data presented in response to your search request, or
use of any such data for commercial purpose, without the prior
express written permission of Network Solutions.

[Our News] [Domain News] [Employment] [Our Mission]
© 1995-1999 by register.com™. Please read our Disclaimer, Service Agreement, and Dispute
Policy.